IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUSAN THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| STARBUCKS CORPORATION d/b/a | ) |
| STARBUCKS COFFEE COMPANY | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT – DEMAND FOR JURY TRIAL**

Plaintiff Susan Thomas, by her attorneys, Edwards Mago Maxon & Macaulay LLP, hereby files her Complaint for injunctive relief, compensatory damages, and attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12181 *et seq.* (the "Americans with Disabilities Act of 1990" or the "ADA"), the Indiana Deceptive Consumer Sales Act ("IDCSA"), for and common-law negligence against Starbucks Corporation d/b/a Starbucks Coffee Company, and in support thereof states:

**PARTIES**

1. Plaintiff Susan Thomas is a citizen and resident of Cook County, Illinois. Plaintiff suffers from what constitutes as "qualified disability" under the Americans with disabilities Act of 1990. Specifically, Plaintiff is allergic to soy, the consumption of which can cause a severe and potentially fatal anaphylactic reaction in Plaintiff ("Allergy"). Plaintiff's Allergy constitutes a physical impairment that substantially limits a major life activity, eating, and major bodily functions. *See* APPENDIX II FEDERAL REGULATIONS, 2003 WL 25318126. Plaintiff was denied full and equal access to, and full enjoyment of, Defendant's facilities on the basis of her disability.

1

2. Defendant Starbucks Corporation, doing business as Starbucks Coffee Company ("Starbucks") is a Washington corporation with its principal place of business located in Seattle, Washington. Starbucks owns and operates a restaurant (the "Restaurant") located at 6184 E. Whitestown Pkwy, Whitestown, Indiana 46075.

## JURISDICTION AND VENUE

4. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 1367, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims stated herein occurred.

## COMMON FACTUAL BACKGROUND

5. On and prior to August 7, 2022, the Restaurant was in operation at 6184 E. Whitestown Pkwy, Whitestown, Indiana 46075.

6. On August 7, 2022, the Restaurant was owned, maintained controlled and operated by Defendant Starbucks.

7. On August 7, 2022, Ms. Thomas ordered a Venti Iced Caramel Macchiato at the Restaurant from its employee.

8. Ms. Thomas noticed that the Restaurant's employee had incorrectly entered her drink order with a request for soy milk, however Ms. Thomas had not requested soy milk.

9. Ms. Thomas advised the Restaurant's employee that she is allergic to soy, and requested that the Venti Iced Caramel Macchiato she had ordered not contain soy.

10. The Restaurant's employee acknowledged Ms. Thomas' request, and confirmed that her order would not contain soy.

11. Soon thereafter, Ms. Thomas began experiencing a serious allergic reaction due to the presence of soy in the Venti Iced Caramel Macchiato provided by the Restaurant.

12. While Ms. Thomas consumed two Benadryl pills in an attempt to abate the anaphylaxis symptoms she was experiencing, her symptoms continued to worsen.

13. Ms. Thomas thereafter gave herself a shot from her epinephrine pen.

14. Ms. Thomas was then admitted to a hospital where she was treated for anaphylaxis.

### Count I – Violation of the ADA

15. Plaintiff re-alleges the foregoing allegations.

16. On or about July 26, 1990, Congress enacted the ADA. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

17. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural,

transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

18. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant is a place of public accommodation in that it is a restaurant serving food and/or drink.

19. The Restaurant has discriminated, and continues to discriminate, against Ms. Thomas, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., by failing to accommodate her Allergy, as such would be readily achievable by, among other things, ensuring that customers' requests to exclude allergens from their orders are honored, and properly training its employees to honor customers' requests to exclude allergens from their orders.

20. Ms. Thomas has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Restaurant.

Plaintiff plans to revisit the Restaurant within approximately one week, provided that the ADA violation(s) complained of herein is/are remedied.

21. To date, the readily achievable aforementioned violation of the ADA still exists and has not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The ADA violation(s) at the Restaurant, as described above, has severely diminished Plaintiff's ability to avail herself of the Restaurant's drink services.

22. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.302, Defendants were required to make reasonable modifications in policies, practices, or procedures so as to make Restaurant, a place of public accommodation, accessible to persons with disabilities such as Ms. Thomas. Defendants have failed to comply with this mandate.

23. Ms. Thomas has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

24. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant injunctive relief; including an order to modify a policy in order to make the Restaurant readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

WHEREFORE, the Plaintiff, SUSAN THOMAS, respectfully requests that this Court enter the following declaratory and injunctive relief in her favor and against Defendant STARBUCKS CORPORATION, doing business as STARBUCKS COFFEE COMPANY:

    A. that the Court declare that Defendant's operation of the Restaurant is violative of the ADA;

  B. that the Court enter a permanent injunction requiring the Defendant to alter their policies to make the Restaurant accessible to and usable by individuals with allergy-based disabilities to the full extent required by the Title III of the ADA;

  C. that the Court award reasonable attorneys' fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

  D. that the Court award such other and further relief as it deems necessary, just and proper.

## Count II – Violation of the IDCSA

25. Plaintiff re-alleges paragraphs 1 through 14 of the foregoing.

26. The purpose and public policy of and embodied by the IDSCA includes to "protect consumers from suppliers who commit deceptive and unconscionable consumer sales practices" and to "encourage the development of fair consumer sales practices."  I.C. 24-5-0.5-1(b).

27. Ms. Thomas is a "person" within the meaning of the IDSCA, I.C. 24-5-0.5-2(a)(2).

28. Starbucks is a "supplier" within the meaning of the IDSCA, I.C. 24-5-0.5-2(a)(3).

29. Ms. Thomas and Starbucks engaged in a "consumer transaction" within the meaning of the IDSCA, I.C. 24-5-0.5-2(a)(1).

30. Starbucks committed an unfair, abusive, or deceptive act, omission or practice, including but not limited to by representing to Ms. Thomas that her drink order would not contained soy where Starbucks knew or should have reasonable known that her drink order would contain soy.

31. Starbucks' acts and/or omissions were uncurable.

32. As a legal and proximate result of Defendant's actions and/or omissions, Ms. Thomas was caused to suffer physical injuries and conscious pain and suffering.

33. Defendant's deceptive act was willful, thus justifying the imposition of treble damages.

WHEREFORE, the Plaintiff, SUSAN THOMAS, respectfully requests that this Court enter judgment in her favor and against Defendant STARBUCKS CORPORATION, doing business as STARBUCKS COFFEE COMPANY, for treble compensatory damages, pre-judgment interest, reasonable attorneys' fees and costs, and for all such further relief as equity and justice may require and as this Court deems proper.

## Count III – Negligence

34. Plaintiff re-alleges paragraphs 1 through 14 of the foregoing.

35. On and prior to August 27, 2022, Starbucks through its agents, carelessly and negligent did, or failed to do, one or more of the following acts and/or omissions:

    i. failed to train its employees in the proper handling of allergen information communicated by customers;

    ii. failed to train its employee to protect its customers from allergens;

    iii. failed to exercise reasonable care in the preparation of Ms. Thomas' drink order;

    iv. failed to ensure that Ms. Thomas would not be served a drink containing soy;

    v. failed to warn Ms. Thomas that the drink served to her would contain soy; and/or

  vi. served Ms. Thomas a drink containing soy.

36. As a legal and proximate result of Starbucks' negligent actions and/or omissions, Ms. Thomas was caused to suffer physical injuries and conscious pain and suffering.

WHEREFORE, the Plaintiff, SUSAN THOMAS, respectfully requests that this Court enter judgment in her favor and against Defendant STARBUCKS CORPORATION, doing business as STARBUCKS COFFEE COMPANY, for compensatory damages, pre-judgment interest, and for all such further relief as equity and justice may require and as this Court deems proper.

### Jury Demand

The Plaintiff demands a trial by jury as to all issues triable to a jury.

**Susan Thomas**

By: /s/ Michael B. Cohen
   *One of her attorneys*

**Michael B. Cohen**
mcohen@em3law.com
**EDWARDS MAXSON MAGO & MACAULAY LLP**
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
(312) 803-0378 (main)
(708) 231-9812 – Fax